UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMMY F. ADAMS,<br><br>                    Plaintiff,<br><br>        -against-<br><br>NETWORK TEMPS, INC. D/B/A/<br>NETWORK ESC.,<br><br>                    Defendant. | 23-CV-5817 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tommy F. Adams brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State and New York City Human Rights Laws ("NYSHRL" & "NYCHRL"), alleging that a potential employer discriminated against him based on his race. He sues Network Temps, Inc., d/b/a Network ESC. By order dated August 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Brooklyn, New York, brings this action, alleging that Defendant discriminated against him on the basis of his race, which he identifies as Black or African American, when they failed to hire him.[1] In the facts section of the complaint, Plaintiff

---

[1] This is one of five actions Plaintiff filed in this court in the past month against potential employers asserting claims of racial discrimination and alleging virtually identical facts. *See Adams v. City of New York, Off. of Lab. Rels.*, ECF 1:23-CV-6637, 1 (S.D.N.Y. filed July 28, 2023); *Adams v. Legendary Mktg.*, ECF 1:23-CV-6167, 1 (S.D.N.Y. filed July 17, 2023); *Adams v. Forum Pers. Inc.*, ECF 1:23-CV-6170, 1 (S.D.N.Y. filed July 17, 2023); *Adams v. Robert Half Int'l Inc.*, No. 1:23-CV-5815, 1 (S.D.N.Y. filed July 6, 2023).

alleges that, "[a]fter uploading a very detailed resume that identified me as one of the greatest high school graduates in U.S. history, I was denied employment by Network ESC. I believe the reason for the rejection was my race (black)." (ECF 1, at 5.)

Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff does not attach his charge of discrimination, but he does include his rebuttal to Defendant's response to his claims. The following allegations are taken from that document. Plaintiff alleges that he graduated high school in 1979 with a 95 average and 1600 SAT score, and as a national merit scholar. He was also "the first and only Black, male, captain of a White athletic team in [the] world and American history at the high school level." (*Id.* at 24.) Plaintiff also studied chemical engineering at Cornell University, Tompkins Cortland Community College, and City College of New York. In all, he accumulated 141 credits, "the equivalent of an associates degree in pre-engineering from Cornell." (*Id.*) Plaintiff is "[t]he most visible high school graduate in American history [but he] hasn't been able to get a job since leaving high school." (*Id.*) Plaintiff maintains that he is unable to get a job because of the

> criminal mind . . . of White supremacist Jews and others and the criminal act is discrimination on the basis of race and sexual orientation in order to aid and abet miscegenation among White men and beautiful, Black, debutants out and about New York City to the destruction of the Black family in America.

(*Id.*)

Plaintiff "believe[s] Network ESC and all the staffing firms of New York City are part of these people's network" and he "stand[s] firm in [his] accusation of discrimination by Network ESC on the basis of race and sexual orientation as [he] is a pretty, straight, Black, man from the

3

Ivy League and too much competition for White males for the love of Black women in an office environment."[2] (*Id.*)

The EEOC issued a Notice of Right to Sue on April 20, 2023. (*See id.* at 13-14.)

Plaintiff seeks $25 million in damages.

## DISCUSSION

**A.     Federal Discrimination Claims**

Plaintiff brings federal claims for discrimination under Title and 42 U.S.C. § 1981. Title VII provides that

> [i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). This statute prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

---

[2] Plaintiff also attaches to his complaint several copies of his resume and an email letter addressed to Timothy Dolan, the Archbishop of New York, in which he claims that he is "[t]he greatest man in the Church's history [and] is about to sue the archdiocese of New York for racism." (*Id.* at 23.)

At the pleading stage in a Title VII action for employment discrimination, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Section 1981 prohibits racial discrimination in, among other things, all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant[]'s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Here, Plaintiff alleges that he is African American, and that Defendant did not hire him, but he does not allege a plausible connection between his race and Defendant's decision not to hire him. Plaintiff maintains he was not hired because he "is a pretty, straight, Black, man from the Ivy League and too much competition for White males for the love of Black women in an office environment," and that he was denied the job because of Defendant's "plan to control and alter the future and White supremacist Jews and others are behind it." (ECF 1, at 24.) These

5

speculative and conclusory allegations are insufficient to give rise to a plausible inference that race was a motiving factor or but-for cause in the employment decision. Plaintiff's complaint therefore does not provide any basis for inferring that his race motivated or was the cause of the decision that his employment application would not proceed.

The Court grants Plaintiff 60 days' leave to file an amended complaint alleging specific facts suggesting that his race was a motivating factor or the but-for cause in Defendant's decision not to hire him.

**B.      State Law Claims**

Plaintiff brings claims under the NYSHRL and NYCHRL. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court is granting Plaintiff leave to amend, the Court has not dismissed the federal claims of which the Court has original jurisdiction. Thus, the Court reserves its decision whether to exercise its supplemental jurisdiction of the state law claims Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for racial discrimination under Title VII or Section 1981, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5817 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*　　　　　　　　　　　　　1

**I.     Parties in this complaint:**

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff     Name  _____

              Street Address  _____

              County, City  _____

              State & Zip Code  _____

              Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant   Name  _____

            Street Address  _____

            County, City  _____

            State & Zip Code  _____

            Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

            Employer  _____

            Street Address  _____

            County, City  _____

            State & Zip Code  _____

            Telephone Number  _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____      Failure to hire me.

   _____      Termination of my employment.

   _____      Failure to promote me.

   _____      Failure to accommodate my disability.

   _____      Unequal terms and conditions of my employment.

   _____      Retaliation.

*Rev. 07/2007*                                                2

    _____        Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                             *Date(s)*

C.    I believe that defendant(s) *(check one)*:

    _____        is still committing these acts against me.

    _____        is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

        ☐    race  _____    ☐    color  _____

        ☐    gender/sex  _____    ☐    religion_____

        ☐    national origin  _____

        ☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

        ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date).*

B.    The Equal Employment Opportunity Commission *(check one)*:

      _____     has not issued a Notice of Right to Sue letter.

      _____     issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

                            Signature of Plaintiff   _____

                            Address                _____

                                                        _____

                                                        _____

                                                        _____

                            Telephone Number     _____

                            Fax Number *(if you have one)*  _____